**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.  3:12-CV-853-RJC-DCK**

| | |
|---|---|
| **PEGGY OATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **TRUSTEES OF GASTON COLLEGE, and** ) | |
| **SILVIA PATRICIA RIOS HUSAIN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Trustees of Gaston
College's "Motion To Dismiss" (Document No. 4).  This matter has been referred to the
undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition.
Having carefully considered the arguments, the record, and the applicable authority, the
undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Plaintiff Peggy Oates ("Oates" or "Plaintiff") filed a "Complaint" (Document No. 1-1)
against Gaston College in the Superior Court of Gaston County, North Carolina, on November
28, 2012.  Gaston College filed a "Notice Of Removal" (Document No. 1) to this Court on
December 28, 2012.

The Trustees of Gaston College ("Defendant") filed the pending "Motion To Dismiss"
(Document No. 4) on January 4, 2013.  The "Motion To Dismiss" asserts *inter alia* that
"Plaintiffs claims should be dismissed pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) because
'Gaston College' cannot be named as a defendant in this action."  (Document No. 4, p.1).

On January 16, 2013, Plaintiff filed an "Amended Complaint" (Document No. 7) naming The Trustees Of Gaston College and Silvia Patricia Rios-Husain as defendants. "Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion To Dismiss" (Document No. 8) was filed on January 21, 2013 and argues that the "Motion To Dismiss" (Document No. 4) is rendered moot by the timely filed "Amended Complaint." To date, Defendants have not filed a reply brief in support of the "Motion To Dismiss," or a notice of intent not to reply, as required by Local Rule 7.1 (E).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

## DISCUSSION

In this case, Plaintiff has timely filed an "Amended Complaint" (Document No. 7) which supersedes the original Complaint (Document No. 1-1). The undersigned will, therefore, respectfully recommend that Defendant's "Motion To Dismiss" (Document No. 4) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see

also, <u>Colin v. Marconi Commerce Systems Employees' Retirement Plan</u>, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); <u>Turner v. Kight</u>, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); <u>Brown v. Sikora and Associates, Inc.</u>, 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and <u>Atlantic Skanska, Inc. v. City of Charlotte</u>, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss" (Document No. 4) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 7, 2013

David C. Keesler
United States Magistrate Judge