IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-853-RJC-DCK

| | |
|---|---|
| PEGGY OATES, | ) |
|       Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| THE TRUSTEES OF GASTON COLLEGE | ) |
| and SILVIA PATRICIA RIOS-HUSAIN, | ) |
|       Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss Amended Complaint" (Document No. 16) and "Plaintiff's Renewed Motion To Amend Amended Complaint" (Document No. 24). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be granted in part and denied in part, and that the renewed motion to amend be granted.

### I. BACKGROUND

Peggy Oates ("Oates" or "Plaintiff") was hired by Gaston College in or about January 1994, as an Accounting Specialist in the Financial Aid Department, and was employed there for over fourteen (14) years as the Director of the Financial Aid Office. (Document No. 7, p.2). On or about March 26, 2012, Gaston College placed Plaintiff "on administrative leave with pay," then "refused to renew her annual contract of employment and terminated Plaintiff's employment on June 30, 2012." (Document No. 7, p.11). In short, "Plaintiff contends that she was retaliated against and terminated after she refused to violate federal student financial aid

law, refused to engage in discriminatory conduct, and made complaints of racial discrimination and disparate treatment." (Document No. 19, p.1).

Plaintiff's original "Complaint" (Document No. 1-1) was filed against Gaston College in the Superior Court of Gaston County, North Carolina, on November 28, 2012.  Gaston College filed a "Notice Of Removal" (Document No. 1) to this Court on December 28, 2012.  The Trustees of Gaston College filed a "Motion To Dismiss" (Document No. 4) on January 4, 2013.  The "Motion To Dismiss" asserted *inter alia* that "Plaintiffs claims should be dismissed pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) because 'Gaston College' cannot be named as a defendant in this action." (Document No. 4, p.1).

On January 16, 2013, Plaintiff filed an "Amended Complaint" (Document No. 7) asserting claims against The Trustees Of Gaston College ("Gaston College") and her supervisor, Vice President of Student Services, Silvia Patricia Rios-Husain ("Rios-Husain") (together "Defendants").  The Amended Complaint alleges eight (8) counts against Gaston College and/or Rios-Husain:  (1)  retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3;  (2) wrongful termination in violation of public policy, 34 CFR 668;  (3) race discrimination in violation of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*;  (4) wrongful termination in violation public policy, N.C.Gen.Stat. § 143-422.1;  (5) breach of contract;  (6) tortious interference with a contractual relationship against Rios-Husain;  (7)  civil rights violation, 42 U.S.C. §1983;  and (8) declaratory judgment. (Document No. 7, pp.12-22).

The undersigned issued a "Memorandum And Recommendation" (Document No. 15) on February 7, 2013, recommending that Defendant's "Motion To Dismiss" (Document No. 4) be denied as moot based on Plaintiff's timely filed "Amended Complaint" (Document No. 7).  That

"Memorandum And Recommendation" (Document No. 15) is pending review by the Honorable Robert J. Conrad, Jr.

Also on February 7, 2013, Defendants' "Motion To Dismiss Amended Complaint" (Document No. 16) pursuant to Fed.R.Civ.P. 12(b)(1) and (6), and "Answer" (Document No. 18) were filed with the Court. As of March 4, 2013, Defendants' "Motion To Dismiss Amended Complaint" (Document No. 16) was fully briefed and a new "Memorandum And Recommendation" to Judge Conrad on the pending motion to dismiss is now appropriate.

On March 12, 2013, *more than a week after the pending motion to dismiss was fully briefed*, Plaintiff filed a "Motion To Amend Amended Complaint" (Document No. 21). Plaintiff's motion to amend, however, failed to show that the requirement of consultation had been satisfied, and was denied without prejudice on March 13, 2013. (Document No. 23). On March 15, 2013, "Plaintiff's Renewed Motion To Amend Amended Complaint" (Document No. 24) was filed. "Defendant's Response to Plaintiff's Renewed Motion To Amend Amended Complaint" (Document No. 26) was timely filed on March 28, 2013. To date, Plaintiff has failed to file a reply brief in support of her renewed motion to amend, or notice of intent not to file a reply, and the time to do so has lapsed. See Local Rule 7.1 (E) ("If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice.").

## II. STANDARDS OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417,

422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a

> defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Motion To Dismiss Amended Complaint**

Defendants contend that Counts II through VII of the Amended Complaint should be dismissed pursuant to Rule 12(b)(6); that Count VI is also barred under Rule 12(b)(1); and that Count VIII "should be dismissed because it does not state an independent factual or legal basis for relief and is merely duplicative of Plaintiff's other claims." (Document No. 16, pp.1-2). Defendants also seek to dismiss "Plaintiff's claim for punitive damages," however, it does not appear that the Amended Complaint requests punitive damages. (Document No. 16; Document No. 7). The undersigned will address the arguments regarding dismissal of Plaintiff's claims in turn.

**1. Retaliation in Violation of Title VII of the Civil Rights Act**

Defendants contend that Plaintiff's claim of retaliation in violation of Title VII is "unfounded," however, they do *not* seek dismissal of this claim at this time. (Document No. 17, p.16, n.6; Document No. 16). It is undisputed that Plaintiff's retaliation claim should survive this stage of the litigation and be subjected to discovery.

**2. Wrongful Termination in Violation of Public Policy (34 CFR 668)**

Defendants assert that both of Plaintiff's claims for wrongful termination (Counts II and IV) should be dismissed because she was not an employee at will, and because her employment contract (Document No. 7-1) with Gaston College was fully performed. (Document No. 17, p.11). Defendants argue that "[i]t is well-established that the tort of wrongful discharge arises only in the context of employees at will," and therefore, under North Carolina law, Plaintiff's wrongful termination claims must fail. Id. (quoting Gibbs v. Guilford Technical Cmty. Coll., 2004 WL 1824296 at *5 (N.C.App. Aug. 17, 2004) (and citing Claggett v. Wake Forest University, 126 N.C.App. 602, 608, 486 (1997); Wagoner v. Elkin City Schools' Bd. of Education,113 N.C.App. 579, 588, (1994); and Hooper v. North Carolina, 379 F.Supp.2d 804, 814 (M.D.N.C. 2005) ("A claim for wrongful discharge is a tort claim and may be asserted only in the at-will employment context.")). According to Gibbs, a plaintiff employed for a definite term is not an employee at will. Id.

In response, Plaintiff argues that her "employment agreement is voidable; therefore, Plaintiff's employment was at will." (Document No. 19, p.9). Plaintiff argues that the parties' employment agreement "fails to state a certain and specific amount of compensation and definite term." (Document No. 19, p.10). Contrary to Plaintiff's argument, the agreement which she attached to the Amended Complaint states in pertinent part:

> The Gaston College Board of Trustees has approved your employment for the position of **Director-Financial Aid and Veterans Affairs** for the (fiscal/academic year) beginning **July 1, 2011** and ending **June 30, 2012** Your salary is **$5,572.72** payable monthly for **Twelve (12)** months and subject to such deductions as specifically authorized by the Board of Trustees and approved by you and as required by law.

(Document No. 7-1).

Plaintiff contends that another clause in the agreement allowed Gaston College to change the essential terms, salary and term; therefore, the relationship here was "identical in operation to an at-will employment relationship." (Document No. 19, p.10). Plaintiff then improperly relies on Hill v. Medford, 582 S.E.2d 325 (N.C.App. 2003), arguing that even if the parties' employment agreement is not voidable, she can pursue claims for breach of contract and wrongful termination in violation of public policy. Id. As noted by Defendants, however, Plaintiff failed to disclose that Hill v. Medford was reversed in a *per curiam* decision by the North Carolina Supreme Court. (Document No. 20, p.4) (citing 357 N.C. 650 (2003)).

Based on the foregoing, as well as additional arguments and authority in "Defendant's Reply…" (Document No. 20), the undersigned is persuaded that the parties had an employment contract with sufficiently definite terms of compensation and duration, such that Plaintiff cannot support a claim for wrongful discharge in violation of public policy.

The undersigned will recommend that Plaintiff's claims for wrongful termination be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**3. Race Discrimination in Violation of the Civil Rights Act**

Defendants also argue that Plaintiff's allegations of race discrimination are inadequate to survive a 12(b)(6) motion. (Document No. 17, pp.14-18). Defendants' brief sets forth the following summary of the standard the Court should consider:

> Title VII prohibits covered employers from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . ." Coleman, 626 F.3d at 190 (quoting 42 U.S.C. § 2000e-2(a)). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Id. And although "a

7

> plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Id. (quoting Twombly, 550 U.S. at 555) (internal citation omitted).

(Document No. 17, p.15). Defendants then specifically assert that Plaintiff has failed to plausibly set forth the second and fourth elements of a Title VII discrimination case. Id. In conclusion, Defendants contend that "the Amended Complaint provides no plausible reason for believing that Plaintiff's *race* led to the negative employment actions for which she seeks relief. (Document No. 17, p.17).

Plaintiff argues that the Amended Complaint contains multiple references to alleged disparate treatment based on race, and sufficiently alleges that she was reprimanded and terminated, while similarly situated white colleagues were not. (Document No. 19, p.13) (citing Document No. 7, ¶¶ 53-57, 58-64, 104-105, 125). "Defendant's Reply…" does not attempt to refute Plaintiff's arguments that her Title VII claim (Count III) is adequately pled. (Document No. 20).

Based on review of the Amended Complaint, as well as Plaintiff's arguments, the undersigned finds that the Amended Complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. As such, it appears that dismissal of Plaintiff's discrimination claims is inappropriate at this stage of the litigation.

### 4. Wrongful Termination in Violation Public Policy (N.C.Gen.Stat. §143-422.1)

For the reasons discussed above regarding Count II, the undersigned also recommends that Plaintiff's second wrongful termination claim, Count IV, be dismissed.

### 5. Breach of Contract

Next, Defendants argue that Plaintiff has failed to adequately allege a breach of contract, and that the subject contract was fully performed. (Document No. 17, pp.18-19). See Gibbs, 2004 WL 1824296 at *5 ("Although defendant exercised this right [of nonrenewal] before plaintiff's appointment period expired, defendant paid plaintiff the balance of her salary due under the contract, thus performing its contract with plaintiff. Accordingly, the trial court did not err in granting summary judgment in favor of defendant on plaintiff's breach of contract claim."). Defendants also cite Gaston College Policy 3-6D(1), essentially asserting that the parties' contract does not contemplate a new, or renewed, employment agreement. Id. ("In no instance is automatic tendering of a new employment contract specified or implied anywhere in its provision.").

The undersigned notes that the Amended Complaint alleges a breach of the "relevant contract," attached to the Amended Complaint, pursuant to the Gaston College Policies and Procedures Manual. (Document No. 7, pp.2-3). Specifically, Plaintiff identifies Gaston College Policy 3-6D(2). (Document No. 7, pp.2-3, 18). Plaintiff argues that this section of the Gaston College Policies and Procedures Manual prohibits non-renewal of a contract due to an employee's exercise of First Amendment rights, discrimination based on race, or personal malice. Id. See also (Document No. 19, pp14-15). In short, Plaintiff argues that she has made factual allegations in her Amended Complaint that include all three violations, and therefore, her breach of contract claim should survive. (Document No. 19, pp.14-15). Plaintiff's opposition to dismissal of this claim, however, does not reference any legal authority to support her position. (Document No. 19).

As noted above, it appears that the contract at issue, the one Plaintiff attached to her Amended Complaint, was fully performed. See (Document No. 7-1). The question now before

9

the Court thus seems to be whether Plaintiff's argument regarding non-renewal of her contract allegedly in violation of Gaston College's Policies and Procedures Manual, sufficiently states a claim for breach of contract. Although this question presents a close call, the undersigned is not persuaded that Defendants' failure to offer Plaintiff a new contract, adequately states a claim for breach of contract. Rather, viewing the Amended Complaint in the most favorable light, it appears that Plaintiff has alleged violations of the Gaston College Policies and Procedures Manual which further bolster her claims of retaliation and discrimination.

Based on the foregoing, the undersigned will recommend that the breach of contract claim be dismissed.

### 6. Tortious Interference with a Contractual Relationship Against Rios-Husain

Defendants contend that Count VI is the only claim against Rios-Husain, and that as a public official who has not been named in her individual capacity she is immune from liability for a state law tort claim. (Document No. 17, p.5). Defendants also contend that the allegations that Rios-Husain "was Plaintiff's supervisor and prepared Plaintiff's evaluation are fatal to her claim." (Document No. 17, p.7). Defendants argue that both North Carolina and federal courts "have consistently held that an employee's supervisors have a legitimate interest in the employee's performance of his or her duties, which defeats a claim of tortious interference with a contract." Id. (citing Ennett v. Cumberland County Bd. Of Educ., 698 F.2d 557, 561 (E.D.N.C. 2010). Relying on Ennett, as well as other caselaw, Defendants conclude that Rios-Husain cannot be held liable for intentional interference with a contract for actions taken in the scope of her employment as Plaintiff's supervisor. (Document No. 17, p.8).

Defendants also argue that even if this claim is construed as being against Rios-Husain in her individual capacity, it still fails. (Document No. 20, pp.5-6). Noting that an essential

element of a claim for tortious interference with contract is that a defendant intentionally induces a third party not to perform the contract, Defendants again note that the contract at issue here was fully performed. Id. Defendants conclude that Plaintiff has therefore failed to allege an essential element of this claim. Id.

Plaintiff argues that she has adequately alleged the elements of this claim, and that in the context of the allegations of malice, and compared to the original Complaint, the Court should conclude that the claims are against Rios-Husain in her individual capacity. (Document No. 19, pp.16-17).

Although the Amended Complaint is not a model of clarity, the undersigned finds that Plaintiff's claim of tortious interference should survive. Even assuming the contract was fully performed, the undersigned is not convinced that such performance precludes Plaintiff's claim that Rios-Husain tortiously interfered with the parties' contract. The undersigned will therefore recommend that the motion to dismiss be denied without prejudice as to this claim, and that Plaintiff be allowed to clarify her allegation(s) in a Second Amended Complaint.

**7. Civil Rights Violation Pursuant to 42 U.S.C. §1983**

Defendants persuasively argue that this claim must be dismissed because Gaston College, as a North Carolina community college, is an arm of the state entitled to Eleventh Amendment immunity from a § 1983 claim, and that the state is not a "person" within the meaning of § 1983. (Document No. 17, p.20) (citing Conlin v. Southwestern Community College, 2:99CV247-MOC, 2001 WL 1019918 (W.D.N.C. Jan. 24, 2001) and Jackson v. Hopper, 2007 WL 4320741 at *2 (M.D.N.C. 2007)).

Plaintiff's response fails to adequately address Defendants' arguments for dismissal of this claim. (Document No. 19, p.15). Moreover, it does not appear that this claim is asserted

against Rios-Husain. As such, the undersigned will respectfully recommend that this claim be dismissed.

### 8. Declaratory Judgment

Finally, Defendants argue that Plaintiff's claim for "Declaratory Judgment" should be dismissed because it is duplicative of Plaintiff's other claims, and fails to state an independent cause of action. (Document No. 21, p.21).

Plaintiff's response fails to make an argument as to why this claim should survive. (Document No. 19). As such, the undersigned will recommend that Count VIII also be dismissed.

### B. Renewed Motion To Amend

The undersigned finds that "Plaintiff's Renewed Motion To Amend Amended Complaint" (Document No. 24) is untimely, and failed to satisfy the requirements of Local Rule 7.1 (E). Nevertheless, the undersigned will recommend that if the presiding district judge adopts the recommendations herein, that Plaintiff be allowed to amend and/or clarify her surviving claims.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion To Dismiss Amended Complaint" (Document No. 16) be **GRANTED in part**, and **DENIED in part,** as described herein. In short, the undersigned recommends that Counts II, IV, V, VII, and VII be dismissed; and that Counts I, III, and VI survive.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Renewed Motion To Amend Amended Complaint" (Document No. 24) be **GRANTED** to the extent Plaintiff is allowed an opportunity to file a Second Amended Complaint that is consistent with the foregoing

Memorandum And Recommendation and any Order adopting this Memorandum And Recommendation. Specifically, a Second Amended Complaint should be granted only to allow Plaintiff to re-assert those claims that are not dismissed by the Court, and to clarify who those remaining claims are asserted against.

**IT IS FURTHER RECOMMENDED** that, since there is no dispute that at least one (1) of Plaintiff's claims should survive, the parties be ordered to immediately schedule their Initial Attorney's Conference pursuant to Local Rule 16.1.

### V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: May 14, 2013

David C. Keesler
United States Magistrate Judge