UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-853-RJC-DCK

| | |
|---|---|
| PEGGY OATES, )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>THE TRUSTEES OF GASTON )<br>COLLEGE & SILVIA PATRICIA RIOS- )<br>HUSAIN, )<br>)<br>    **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendants' Motion To Dismiss Amended Complaint, (Doc. No. 16), Plaintiff's Renewed Motion to Amend Amended Complaint, (Doc. No. 24), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 27), recommending that this Court grant in part and deny in part Defendants' Motion to Dismiss Amended Complaint, and grant Plaintiff's Motion to Amend Amended Complaint. Defendants timely filed objections to the M&R. (Doc. No. 28). Plaintiff has not filed objections to the M&R and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

## I.    BACKGROUND

### A.    Procedural Background

Plaintiff's original Complaint, (Doc. No. 1-1), was filed against Gaston College in the Superior Court of Gaston County, North Carolina, on November 28, 2012. Gaston College filed a Notice of Removal, (Doc. No. 1), in this Court on December 28, 2102. The Trustees of Gaston College filed a Motion to Dismiss, (Doc. No. 4), on January 4, 2013, asserting that Gaston

College cannot be named as a defendant.

Plaintiff filed an Amended Complaint, (Doc. No. 7), on January 16, 2013, asserting the following causes of action against The Trustees of Gaston College and her supervisor, Vice President of Student Services, Silvia Patricia Rios-Husain ("Rios-Husain"): Retaliation in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3 (Count I), Wrongful Termination in Violation of Public Policy, 34 C.F.R. § 668 (Count II), Race Discrimination in Violation of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (Count III), Wrongful Termination in Violation of the North Carolina Equal Employment Practices Act, N.C. Gen Stat. § 143-422.1 (Count IV), Breach of Contract (Count V), Tortious Interference with a Contractual Relationship against Defendant Rios-Husain (Count VI), Civil Rights Violation, 42 U.S.C. § 1983 (Count VII), and Declaratory Judgment (Count VIII). The Magistrate Judge issued an M&R on February 7, 2013, (Doc. No. 15), recommending that Defendant's first Motion to Dismiss, (Doc. No. 4), be denied as moot based on Plaintiff's timely filed Amended Complaint, (Doc. No. 7). Neither party objected to this M&R and the time for doing so has expired.

On February 7, 2013, Defendants filed a Motion to Dismiss Amended Complaint, (Doc. No. 16), requesting dismissal of all claims except for Count I (Retaliation). In his M&R, the Magistrate Judge recommended granting Defendants' Motion to Dismiss as to Count II (Wrongful Termination), Count IV (Wrongful Termination), Count V (Breach of Contract), Count VII (Civil Rights) and Count VIII (Declaratory Judgment). Plaintiff did not object to the Magistrate Judge's recommendation, and the time for doing so has expired. The Magistrate Judge recommended denying Defendants' Motion to Dismiss as to Count III (Race Discrimination) and Count VI (Tortious Interference). Defendants timely objected to this

recommendation.

On March 12, 2013, more than a week after the Motion to Dismiss Amended Complaint was fully briefed, Plaintiff filed a Motion to Amend Amended Complaint. (Doc. No. 21). Plaintiff failed to show that the requirement of consultation had been satisfied, and her Motion was denied without prejudice on March 13, 2013. (Doc. No. 23). On March 15, 2013, Plaintiff filed a Renewed Motion to Amend Amended Complaint. (Doc. No. 24). In his second M&R, the Magistrate Judge recommended granting Plaintiff's Renewed Motion to Amend Amended Complaint. (Doc. No. 27). Defendants timely objected to this recommendation. Plaintiff did not respond to Defendants' objections.

B.      Factual Background

Neither party objected to the Magistrate Judge's statement of the factual background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II.    STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the

magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III. DISCUSSION

#### A. Counts II, IV, V, VII and VIII

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the M&R having been filed to the Magistrate Judge's recommendation that this Court should dismiss Count II (Wrongful Termination), Count IV (Wrongful Termination), Count V (Breach of Contract), Count VII (Civil Rights) and Count VIII (Declaratory Judgment), the parties have waived their right to de novo review of the dismissal of these Counts. Nevertheless, this Court has conducted a full and careful review of this portion of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, Counts II, IV, V, VII and VIII are dismissed.

#### B. Counts III and VI

The Magistrate Judge recommended denying Defendants' Motion to Dismiss Amended Complaint as to Count III (Race Discrimination) and Count VI (Tortious Interference). Defendants timely objected to this recommendation and this Court makes "a de novo determination of those portions of the report or specific proposed findings or recommendations

4

to which objection is made." 28 U.S.C. § 636(b)(1)(C).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The court "should view the complaint in the light most favorable to the plaintiff," Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993), but is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

      a.    Count III: Race Discrimination

Defendants argue that Plaintiff's allegations of race discrimination are inadequate to survive a 12(b)(6) motion. (Doc. No. 17 at 14-18). Defendants' brief sets forth the following summary of the standard the Court should consider:

> Title VII prohibits covered employers from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

5

> individual's race . . ." Coleman, 626 F.3d at 190 (quoting 42 U.S.C. § 2000e-2(a)). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Id. And although "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Id. (quoting Twombly, 550 U.S. at 555) (internal citation omitted).

(Doc. No. 17 at 15). As Defendants implicitly concede, see (Doc. No. 28 at 10), Plaintiff satisfies the first and third elements because she is an African-American woman whose employment was terminated. Defendants assert that Plaintiff has not plausibly set forth allegations to support the second and fourth elements. Plaintiff alleges, inter alia, that "[p]rior to March 7, 2012, Plaintiff had never received a negative job evaluation while employed by Gaston College, and her annual contract for employment had been continuously renewed over a dozen years." (Doc. No. 7 at ¶ 83). The Court finds that for the purposes of a 12(b)(6) Motion, this satisfies the second element. Plaintiff contends that "Defendant engaged in disparate treatment of Plaintiff on the basis of her race." (Doc. No. 7 at ¶ 104). According to Plaintiff, "Defendant failed to discipline or hold accountable similarly situated white department heads for conduct and errors that were noted in the Department of Education's audit of Gaston College." (Id. at ¶ 105). Again, at this stage in the litigation, these allegations satisfy the fourth element.

The Court agrees with the Magistrate Judge that the Amended Complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Dismissal of Plaintiff's Race Discrimination claim is inappropriate at this stage of the litigation.

    b.   Tortious Interference with a Contractual Relationship

To adequately state a claim for malicious interference with a contract, a plaintiff must allege the following: "(1) a valid contract existed between plaintiff and a third person, (2) defendant knew of such contract, (3) defendant intentionally induced the third person not to perform his or her contract with plaintiff, (4) defendant had no justification for his or her actions, and (5) plaintiff suffered damage as a result." Wagoner v. Elkin City Sch. Bd. of Educ., 440 S.E.2d 119, 124 (N.C. Ct. App. 1994).

Plaintiff alleges the following facts in support of her tortious interference with a contract claim: "Defendant Dr. Rios Husain had knowledge of Plaintiff's employment contract with Gaston College." (Doc. No. 7 at ¶ 121). At this stage in the litigation, this satisfies the first and second elements. Plaintiff states that "Dr. Rios Husain intentionally induced Gaston College to terminate and not renew the Plaintiff's employment contract." (Id. at ¶ 122). This satisfies the third element. Finally, the Court finds Plaintiff's allegations in support of the fourth and fifth elements sufficient to survive a Motion to Dismiss: "Subsequent to the Department of Education audit, Dr. Rios Husain intentionally prepared a Performance Appraisal which contained false and misleading information that led directly to Plaintiff's termination. Dr. Rios Husain's actions in interfering with the employment and contractual relationship between Oates and Gaston College was without justification and was based on malice, spite, retaliation and discriminatory animus. As a result of Dr. Rios Husain's interference, the employment contract was terminated and Plaintiff suffered lost wages." (Id. at ¶¶ 126-128).

The Court finds that Plaintiff sufficiently alleged facts to support each of the elements of a claim for Tortious Interference with a Contractual Relationship (Count VI).

  C.  Second Amended Complaint

7

The Magistrate Judge recommended granting Plaintiff's Motion to Amend the remaining claims in her Amended Complaint, "only to allow Plaintiff to re-assert those claims that are not dismissed by the Court, and to clarify who those remaining claims are asserted against." (Doc. No. 27 at 13). Defendants object to this recommendation and request that "if a Second Amended Complaint is allowed, Plaintiff must not be permitted to assert additional claims against Dr. Husain under the guise of 'clarification.'" (Doc. No. 28 at 9). The Court will adopt the recommendation of the Magistrate Judge and allow Plaintiff to clarify her surviving claims for Retaliation (Count I),[1] Race Discrimination (Count III) and Tortious Interference with a Contractual Relationship (Count VI), in a Second Amended Complaint. Plaintiff shall not, however, be permitted to assert additional claims or add additional parties in her Second Amended Complaint.

D.     First Motion to Dismiss

In his first M&R, the Magistrate Judge recommended that this Court dismiss as moot Defendants' first Motion to Dismiss based on Plaintiff's timely filed Amended Complaint. See (Doc. No. 15). It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Kight, 192 F.

---

[1] Defendants did not seek dismissal of Count I.

Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Accordingly, the Court adopts the recommendation of the Magistrate Judge as its own and dismisses Defendants' first Motion to Dismiss, (Doc. No. 4), as moot.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' first Motion to Dismiss, (Doc. No. 4), is **DISMISSED as moot**;

2. The Magistrate Judge's first M&R, (Doc. No. 15), is **ADOPTED**;

3. Defendants' Motion to Dismiss Amended Complaint, (Doc. No. 16), is **GRANTED in part and DENIED in part**;

4. Plaintiff's Renewed Motion to Amend Amended Complaint, (Doc. No. 24), is **GRANTED**; and

5. The Magistrate Judge's second M&R, (Doc. No. 27), is **ADOPTED**.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge