**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:12-CV-00853-RJC-DCK**

| | |
|---|---|
| PEGGY OATES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   **CONSENT PROTECTIVE** |
| | )   **ORDER** |
| THE TRUSTEES OF GASTON COLLEGE & | ) |
| SILVIA PATRICIA RIOS-HUSAIN, | ) |
| | ) |
|     Defendants. | ) |

Defendant Trustees of Gaston College ("College"), pursuant to Federal Rules of Civil Procedure 26(b) and 26(c), anticipating the disclosure personnel records and information and student records and information in response to plaintiff's discovery requests and recognizing that the private and confidential nature of such documents and information must be safeguarded pursuant to N.C. Gen. Stat. §§ 115D-27 through -29, and 132-1.1(f), and 20 U.S.C. §1232g, conditionally consents to disclose said documents and information upon the conditions set forth in this Protective Order, which conditions are consented to by all parties,

IT IS THEREFORE ORDERED:

    1.    That all documents and information relating to current employees, former employees, or students of Gaston College which are produced by the College to any party in the subject captioned case shall be covered by the terms of this Order.

    2.    The College shall designate the confidential documents which it believes to be protected by this Protective Order by labeling them, or any part thereof, at the time of production, copying, or filing with the following language "Confidential - Subject to

1

Protective Order." Plaintiff retains the right to challenge Defendant's confidential designation of any particular document and to have the Court determine the proper designation.

3. Except as may be otherwise provided by further order of the Court, documents designated as confidential, as well as the matters contained therein, extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph 4 below.

4. Access to or use of any documents, or any part thereof, designated as confidential, as well as matters contained there, shall be limited to:

    a. The Court;

    b. The parties and their officers, employees, and agents who are providing assistance to counsel in this action;

    c. The attorneys of record for the parties, their associates, assistants, employees, and agents who are providing assistance to counsel in this action;

    d. Court-appointed mediators;

    e. Consultants and experts involved in the preparation of the trial of this action;

    f. Court reporters, their transcribers, assistants, and employees;

    g. Any deponent or trial witness to the extent that it is necessary to tender to such witness an exhibit or document deemed confidential in order to elicit testimony relevant to the matters at issue in this case; and

    h. Members of the jury to the extent that it is necessary for the jury to inspect an exhibit or document deemed confidential.

5. No one subject to this Order shall make public or disclose any of the protected information or documents to anyone other than the persons listed in paragraph 4 above. The terms of this Order shall apply to all persons listed in the above paragraph and counsel shall have the affirmative duty to furnish a copy of this Order to any such person who obtains access to the documents designated as confidential. Individuals who are permitted access to the confidential documents are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matters contained therein, or extracts or summaries thereof, to any individual or entity who would not otherwise have access to the documents deemed confidential under the provisions of this Order.

6. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential – Subject to Protective Order," the party may designate such materials as "Confidential – Subject to Protective Order" by notifying counsel of the error and producing the documents again, with the "Confidential – Subject to Protective Order" designation, within two business days of discovering such failure but no later than the expiration of the discovery deadline set by the Court. The parties will then treat these documents in accordance with the terms of this Order as if they had been marked "Confidential – Subject to Protective Order" when they were first produced. Such failure shall not waive the protections afforded by this Order unless such failure would result in substantial prejudice or substantial injustice to the opposing party.

7. Nothing in this Order shall prevent or impair the use by a party of confidential materials in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court. If a party intends to file any confidential material with the Court, that

party shall provide written notice of the intent to file the document to the party that designated the material as confidential. The party designating the material as confidential shall have ten (10) days from receipt of the written notice of intent to move the Court for an order requiring the document to be filed under seal. If no motion to file under seal is filed within ten (10) days of receiving notice, the non-designating party may file the document with the court without sealing the document. Parties seeking to file or maintain under seal any documents labeled "Confidential" in accordance with the provisions of this Protective Order shall comply with the provisions of LCvR 6.1.

8. At the conclusion of this litigation, copies of confidential documents will be returned to the producing party or retained by counsel in accordance with the Rules of the North Carolina State Bar. Such documents shall be destroyed by counsel following the required period of retention.

9. Each party shall be responsible for its own costs with regard to the return or destruction of the documents provided pursuant to this agreement.

It is so ORDERED.

Signed: August 19, 2013

David C. Keesler
United States Magistrate Judge

AGREED TO:


THARRINGTON SMITH, L.L.P.

/s/ Deborah R. Stagner
Deborah R. Stagner
NC State Bar # 24543
Tharrington Smith, L.L.P.
209 Fayetteville Street
Post Office  Box 1151
Raleigh, North Carolina 27602-1151
Telephone:  919-821-4711
Fax:  919-829-1583
Email:  dstagner@tharringtonsmith.com

*Attorneys for Defendants*


EVERAGE LAW FIRM, PLLC

/s/ Charles Ali Everage
Charles Ali Everage
NC State Bar # 28267
Everage Law Firm, PLLC
1800 Camden Road, Suite 104
Charlotte, North Carolina 28203
Telephone:  704-377-9157
Fax:  704-377-9160
Email:  cae@everagelaw.com

*Attorneys for Plaintiff*